UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VITA 4 LIFE, INC., <br><br> Plaintiff, <br><br> v. <br><br> CYNOSURE, INC., <br><br> Defendant. | Case No.  17-cv-11435 |

**DEFENDANT'S UNOPPOSED MOTION FOR CONSOLIDATION**

Pursuant to Federal Rule of Civil Procedure 42(a), Defendant Cynosure, Inc. (Cynosure) hereby moves this Court to consolidate this action with *Plastic Surgery Assocs., S.C. et al. v. Cynosure, Inc.*, Case No. 1:17-cv-11850 (D. Mass. filed September 27, 2017).  Defendant has conferred with counsel for the Plaintiff pursuant to Local Rule 7.1(a), and Plaintiff has no objection to this motion.

Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions that "involve a common question of law or fact."  In the First Circuit, when considering a motion to consolidate, "[t]he threshold issue is whether the two proceedings involve a common party *and* common issues of fact or law." *Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Group, Inc.*, 878 F.2d 5, 8 (1st Cir 1989)(emphasis in original).  "Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Id.* Ordinarily, a motion for consolidation will be granted "unless the party opposing it can show demonstrable prejudice." *Id.* (quotation omitted).  *See also In re PRI Automation, Inc. Securities Litig.*, 145 F.Supp.2d 138, 140 (D. Mass. 2001); *Cruickshank v. Clean Seas Co.*, 402 F.Supp.2d 328, 340-41 (D. Mass. 2005).

1

In *PRI Automation*, the court granted an unopposed request for consolidation where "[t]he complaint filed in each of the[] five cases [wa]s in essence the same complaint, including the same named defendants and the same allegations in support of the claims. Only the named plaintiffs differ[ed]." *Id.* The same is true in this case. Each complaint asserts that Cynosure made the same allegedly false representations in marketing its SculpSure Non-Invasive Body Contouring Platform. *Compare* Compl. (17-cv-11435) at 2-3 *with* Compl. (17-cv-11850) at 1-3. Moreover, the cases contain the exact same prayer for relief. *Compare* Compl. (17-cv-11435) at 23 *with* Compl. (1:17-cv-11850) at 41. And Plaintiffs' counsel (which is the same in each case) does not oppose consolidation. *See* Ex. 1 (Sept. 28, 2017 e-mail from E. Fegan to E. Samore).

Consolidation of these cases into one matter is warranted as it will save time and money for Cynosure, all of the Plaintiffs, witnesses who might otherwise be required to testify in two cases, and the Court. *See Cruickshank*, 402 F.Supp.2d at 341(ordering consolidation in light of judicial efficiency in being able to "coordinate the pretrial schedule, address any disputes that may arise in both cases in a single hearing, and hold one jury trial" and the fact that consolidation would "be more cost effective and less time consuming for the parties"). In short, consolidation would ensure "fair and efficient adjudication on the merits without wasteful duplicative proceedings." *In re PRI Automation, Inc. Securities Litig.*, 145 F.Supp.2d at 140.

WHEREFORE, Cynosure respectfully requests that this Court grant its motion and consolidate this action with *Plastic Surgery Assocs., S.C. et al. v. Cynosure, Inc.*, Case No. 1:17-cv-11850 (D. Mass. filed September 27, 2017).

Respectfully submitted,

Dated: October 2, 2017                By:     /s/  Tamar Lanuza Hagopian
                                      Counsel for Defendant, CYNOSURE, INC.


Tamar Lanuza Hagopian (BBO# 665538)
Litchfield Cavo LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940
(781) 309-1500
hagopian@litchfieldcavo.com

Eric L. Samore
Yesha Hoeppner
Albert Bower
Ronald Balfour
Kathryn Long
SmithAmundsen, LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200

## CERTIFICATE OF SERVICE

    I, Tamar Lanuza Hagopian, hereby certify that on the 2nd day of October, 2017, the foregoing document, filed through the CM/ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                    */s/ Tamar Lanuza Hagopian*
                                    Tamar Lanuza Hagopian